```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/30/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JORDAN EVANS,

                      Plaintiff,

-against-

S.A. CAMERON; J. FRANCO; C.J. MAXCY;
B. BONANNO; M. REGISFORD;
RODRIGUEZ,

                      Defendants.

25-CV-5267 (NSR)

ORDER OF SERVICE

---

NELSON S. ROMÁN, United States District Judge:

Plaintiff, who currently is incarcerated at Wende Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights at Sing Sing Correctional Facility. By order dated June 30, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] Plaintiff names as Defendants (1) Correction Officers S.A. Cameron, J. Franco, C.J. Maxcy, and B. Bonanno; (2) Hearing Officer M. Regisford; and (3) Rodriguez, "Director of Appeal for the Commissioner."

**DISCUSSION**

**A.    Order of Service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.**     **Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled ["Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."](#) Within 120 days of

---

summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

## CONCLUSION

The Clerk of Court is instructed to issue a summons for each Defendant, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

Local Civil Rule 33.2 applies to this case.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   July 30, 2025
         White Plains, New York

NELSON S. ROMÁN
United States District Judge

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Officer S.A. Cameron
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

2. Officer J. Franco
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

3. Officer C.J. Maxcy
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

4. Officer B. Bonanno
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

5. Hearing Officer M. Regisford
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

6. Director Rodriguez
   Department of Corrections and Community Supervision
   Harriman State Office Campus
   1220 Washington Avenue #9
   Albany, New York 12226-2050